IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larry Orchard Smith, ) | No. CV 08-2023-PHX-JWS (ECV) |
| ) | |
| Petitioner, ) | **REPORT AND RECOMMENDATION** |
| ) | |
| vs. ) | |
| ) | |
| Dora Schriro, et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |

TO THE HONORABLE JOHN W. SEDWICK, UNITED STATES DISTRICT JUDGE:

**BACKGROUND**

Pending before the court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Doc. #1. Pursuant to a plea agreement, Petitioner pled guilty on April 19, 2006, in the Maricopa County Superior Court to one count of fraudulent schemes and artifices, a class 2 felony under Arizona law, with one prior felony conviction. Doc. #12, Exh. D. Among the terms of the plea agreement, Petitioner was required to serve no more than the presumptive term of imprisonment, 9.25 years. Id. On August 25, 2006, Petitioner was sentenced to a slightly mitigated term of 7.25 years in prison. Doc. #12, Exh. J at 28.[1]

---

[1] Petitioner was also sentenced on that same day in another case to a consecutive term of intensive probation for four years to follow his prison sentence in this case. Although Petitioner lists that case number in his habeas petition, he is not challenging that conviction or sentence and therefore the court will not address it.

On October 18, 2006, Petitioner filed a Notice of Post-Conviction Relief under Rule 32 of the Arizona Rules of Criminal Procedure. Doc. #12, Exh. K. On April 3, 2007, Petitioner's counsel, who was appointed after Petitioner filed the notice, filed a Notice of Completion of Post-Conviction Review by Counsel; Request for 45 Day Extension of Time to Allow Defendant to File *Pro Per* Petition. Doc. #12, Exh. L. Counsel explained in the notice that after searching the record she was unable to find any claims for relief to raise in a petition for post-conviction relief. Id. After receiving extensions of time from the court, Petitioner filed a Pro-Per Petition for Post-Conviction Relief on June 28, 2007. Doc. #12, Exh. O, P. In a Minute Entry filed on August 27, 2007, the trial court summarily dismissed the petition. Doc. #12, Exh. T. Petitioner filed a Petition for Review in the Arizona Court of Appeals on September 12, 2007. Doc. #12, Exh. U. The Court of Appeals summarily denied the petition on May 9, 2008. Doc. #12, Exh. X. Petitioner's subsequent Petition for Review to the Arizona Supreme Court was denied on September 4, 2008. Doc. #12, Exh. Z.

Petitioner filed his Petition for Writ of Habeas Corpus in this court on November 3, 2008. Doc. #1. Petitioner alleges two grounds for relief in the petition. First, he alleges that the trial court violated the Sixth and Fourteenth Amendments when it failed to provide his lawyer and mitigation specialist sufficient time to collect mitigating evidence for the sentencing. Second, he alleges that the trial court caused his lawyer to provide ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments by failing to grant the attorney enough time to prepare for sentencing. Respondent filed an Answer to Petition for Writ of Habeas Corpus (Doc. #12) on February 19, 2009. On March 10, 2009, Petitioner filed a Response to Answer to Petition for Writ of Habeas Corpus (Doc. #13).

## DISCUSSION

Respondents contend in their answer that Petitioner's claims are procedurally defaulted because Petitioner failed to properly exhaust his state court remedies. Alternatively, Respondents argue that Petitioner's claims fail on the merits.

In a § 2254 habeas case, the court may decide a case on the merits even if a petitioner has not properly exhausted his state court remedies. See 28 U.S.C. § 2254(b)(2). Because the facts do not clearly establish procedural default here, the court will address the merits of Petitioner's claims.

**1.    AEDPA Standard of Review**

Under the AEDPA[2], a federal court "shall not" grant habeas relief with respect to "any claim that was adjudicated on the merits in State court proceedings" unless the State court decision was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d); see Williams v. Taylor, 529 U.S. 362, 412-413 (2000) (O'Connor, J., concurring and delivering the opinion of the Court as to the AEDPA standard of review). A state court's decision is "contrary to" clearly established precedent if (1) "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent." Taylor, 529 U.S. at 405-06. "A state court's decision can involve an 'unreasonable application' of Federal law if it either (1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable." Hernandez v. Small, 282 F.3d 1132, 1142 (9th Cir. 2002). Thus, the "unreasonable application" clause requires the state court's application of Supreme Court law to be more than incorrect or erroneous; it must be objectively unreasonable. Lockyer v. Andrade, 538 U.S. 63, 75 (2003). "When applying these standards, the federal court should review the 'last reasoned decision' by a state court ...." Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).

---

[2] Antiterrorism and Effective Death Penalty Act of 1996.

**2.     Ground One**

Petitioner claims in ground one that the court did not allow sufficient time for his lawyer and the mitigation specialist to obtain the records and transcripts that would have given the court the information it needed to make a more informed decision regarding mitigation. He argues that the court allowed his lawyer and mitigation specialist one week to prepare for a sentencing hearing that involved mitigating factors. Petitioner contends that the court's actions violated the Sixth Amendment right to have compulsory process for obtaining witnesses in his favor and to have the assistance of counsel.

Petitioner presents nothing whatsoever to show that he was denied the right to have compulsory process for obtaining witnesses. He argues only that the court failed to provide enough time for his lawyer and mitigation specialist to gather and present mitigating evidence. But he fails to explain how that factual allegation constitutes a denial of the right to have compulsory process for obtaining witnesses.

Moreover, even Petitioner's factual allegations are unsupported by the record. On June 9, 2006, a new attorney was appointed to represent Petitioner. Doc. #12, Exh. E. At that time, counsel requested, and the judge granted, a continuance of the sentencing hearing from June 9, 2006, to July 14, 2006, so mitigating evidence could be presented. Id. On July 14, Petitioner's counsel again requested a continuance and the sentencing/mitigation hearing was reset to August 25, 2006. Doc. #12, Exh. F. On July 17 and August 17, Petitioner's counsel filed a Notice of Filing Mitigation in which he submitted documents for the purpose of mitigation. Doc. #12, Exh. G, H. On August 25, 2006, counsel filed a Mitigation Report prepared by a private mitigation specialist. Doc. #12, Exh. I. The 12-page report provided extensive mitigating information to the sentencing judge including family, mental health and substance abuse history. Id.

The sentencing/mitigation hearing was held on August 25, 2006, more than two and a half months after Petitioner's counsel first requested a continuance to present mitigating evidence. Doc. #12, Exh. J. Petitioner was allowed to present several witnesses to make statements on his behalf at the hearing. Id. at 11-25. The court clearly took into account

1 mitigating factors and imposed a mitigated sentence despite recommendations from the
2 prosecution and the investigating officer for the maximum allowed under the plea agreement.
3 Id. at 26-27.

4 Although the state courts all summarily dismissed Petitioner's request for post-
5 conviction relief without a discussion of the claims, Petitioner cannot establish that any of
6 the state court decisions was contrary to, or an unreasonable application of, Supreme Court
7 law, or that the decisions were based on an unreasonable determination of the facts.  The
8 state court record provides no support for his factual allegations and Petitioner points to no
9 Supreme Court legal authority that the state courts went against when dismissing his post-
10 conviction claims.  Accordingly, the court will recommend that the claim in ground one be
11 denied.

12 **3.     Ground Two**

13 Although Petitioner identifies his second ground for relief as an ineffective assistance
14 of counsel claim, his petition fails to describe any wrongdoing by his lawyer.  Instead,
15 Petitioner claims that the court caused his lawyer to provide ineffective assistance by failing
16 to provide him with sufficient time to properly prepare for the sentencing/mitigation hearing.
17 Thus, the claim in ground two essentially repeats the allegations in ground one.

18 The two-prong test for establishing ineffective assistance of counsel was established
19 by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984).  To prevail on an
20 ineffective assistance claim, a convicted defendant must show: (1) that counsel's
21 representation fell below an objective standard of reasonableness; and (2) that there is a
22 reasonable probability that, but for counsel's unprofessional errors, the result of the
23 proceeding would have been different.  Strickland, 466 U.S. at 687-88.  There is a strong
24 presumption that counsel's conduct falls within the wide range of reasonable assistance.
25 Strickland, 466 U.S. at 689-90.  "A fair assessment of attorney performance requires that
26 every effort be made to eliminate the distorting effects of hindsight, to reconstruct the
27 circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's
28 perspective at the time."  Id. at 689.

1     Petitioner fails to present any factual evidence to show that his counsel's performance 2 fell below an objective standard of reasonableness. Although he claims that the court failed 3 to provide his lawyer enough time to adequately prepare for the sentencing, he says nothing 4 about how his lawyer was unprepared or what specifically his lawyer should have done to 5 be prepared for the hearing. Thus, Petitioner cannot even establish the first prong of the 6 Strickland standard. As such, he has not demonstrated that the state courts' decisions 7 summarily denying this claim (to the extent he raised it in state court) was contrary to, or an 8 unreasonable application of, Supreme Court law, or that the decision was based on an 9 unreasonable determination of the facts. Accordingly, the court will recommend that the 10 claim be denied.

11     To the extent the claim in ground two raises the same allegations as ground one, it is 12 recommended that ground two be denied for the same reasons as ground one.

13 **4. Conclusion**

14     Having determined that Petitioner's two grounds for relief fail on the merits, the court 15 will recommend that the petition be denied and dismissed.

16 **IT IS THEREFORE RECOMMENDED:**

17     That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1) 18 be **DENIED** and **DISMISSED WITH PREJUDICE**;

19     This recommendation is not an order that is immediately appealable to the Ninth 20 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of 21 Appellate Procedure, should not be filed until entry of the district court's judgment. The 22 parties shall have ten days from the date of service of a copy of this recommendation within 23 which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. 24 Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a 25 response to the objections. Failure to timely file objections to the Magistrate Judge's Report 26 and Recommendation may result in the acceptance of the Report and Recommendation by 27 the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 28 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the

1 Magistrate Judge will be considered a waiver of a party's right to appellate review of the
2 findings of fact in an order of judgement entered pursuant to the Magistrate Judge's
3 recommendation.  See Fed. R. Civ. P. 72.
4      DATED this 29th day of May, 2009.

*[signature]*
Edward C. Voss
United States Magistrate Judge