# MINUTES OF THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

*Larry Orchard Smith v. Dora Schriro, et al.*

THE HONORABLE JOHN W. SEDWICK  2:08-cv-02023 JWS

PROCEEDINGS:  **ORDER FROM CHAMBERS**  July 6, 2009

   At docket 1, petitioner Larry Orchard Smith filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. At docket 12, respondents Dora Schriro, *et al.* opposed the petition. Petitioner replied at docket 12. At docket 16, Magistrate Judge Edward C. Voss filed a report and recommendation, recommending that the petition be denied and dismissed with prejudice. Petitioner did not file objections to the recommendation.

   This court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). When reviewing a magistrate judge's recommendations in a case such as this one, this court conducts *de novo* review of all recommended conclusions of law, and any recommended findings of fact to which objections have been taken. Recommended findings of fact as to which no objection has been taken are reviewed for clear error. Having applied those standards of review, this court finds that the recommended findings of fact and conclusions of law are correct in all material respects. Accordingly, this court adopts Magistrate Judge Voss's recommendations. Base thereon, the petition at docket 1 is **DENIED** and **DISMISSED with prejudice**.

   **IT IS FURTHER ORDERED THAT** this court declines to issue a Certificate of Appealability ("COA"). 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks and citations omitted). Although the state courts summarily dismissed petitioner's requests for post conviction relief, no

reasonable jurist could find that the decisions were "objectively unreasonable." Any further request for a Certificate of Appealability must be addressed to the Court of Appeals. *See* Fed. R. App. P. 22(b) and Ninth Circuit Rule 22-1.